# EXHIBIT A

LAW OFFICES OF SANDER BUDANITSKY, LLC
520 WEST FIRST AVENUE
ROSELLE, NEW JERSEY 07203
(908)241-3445 * FAX (908)241-4595
ATTORNEY FOR PLAINTIFF
Attorney ID # 18381996

| | |
|---|---|
| LORI TAMI,<br><br>     Plaintiff(s),<br><br>v.<br><br>WILLIAM E. BUTLER, JR.,<br>N.J. TRANSIT CORP., JAMES GRIFFIN,<br>UNITED STATES AIR FORCE and/or<br>UNITED STATES OF AMERICA,<br><br>     Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ESSEX COUNTY<br>DOCKET NO.: ESX-L-4028-17<br><br>CIVIL ACTION<br><br>AMENDED COMPLAINT<br>AND JURY DEMAND |

Plaintiff, **LORI TAMI**, residing in the City of Elizabeth, County of Union and State of New Jersey, by way of complaint against the Defendants, says:

## FIRST COUNT

1. On or about the 16th day of November 2014, the Plaintiff, **LORI TAMI**, was a passenger in a motor vehicle operated by Defendant, **WILLIAM E. BUTLER, JR.**, and owned by Defendant, **N.J. TRANSIT CORP.**, which was traveling North on the New Jersey Turnpike in the City of Newark, County of Essex and State of New Jersey.

2. At all times relevant and material to this Complaint, the Defendant(s), **WILLIAM E. BUTLER, JR.**, operated the motor vehicle owned by the Defendant, **N.J. TRANSIT CORP.**, with the permission and consent, express or implied, of said owner.

3. At all times relevant and material hereto, the Defendant, **WILLIAM E. BUTLER, JR.**, was an employee, agent and/or servant of the Defendant, **NJ TRANSIT CORP.**, acting within the scope of his/her employment and/or agency.

4. At the above time and place, the Defendant, **WILLIAM E. BUTLER, JR.**, failed to keep his/her vehicle under reasonable and proper control and so carelessly, recklessly and negligently operated his/her motor vehicle, among other things, failing to make proper observations, driving at an excessive rate of speed, and being otherwise inattentive, so as to cause his/her motor vehicle to violently collide with the Plaintiff's vehicle.

5. This accident resulted solely from the negligence and carelessness of the Defendant(s) herein and was due in no part on any act, or failure to act, on the part of the Plaintiff(s).

6. As a direct and proximate result of the foregoing, the decedent Plaintiff, **LORI TAMI**, was caused to sustain serious, painful and permanent injuries, has experienced great pain and suffering, has suffered great shock and mental anguish, will in the future experience great pain and suffering, was caused to incur great expenses for medical care and attention, will in the future incur additional expenses, was caused to lose large sums of money for wages she would have earned but for her injuries and will in the future lose large sums of money for wages, and has in the past, and will in the future, lose her right to the full enjoyment of life.

WHEREFORE, the Plaintiff, **LORI TAMI**, hereby demands judgment against the Defendants, **WILLIAM E. BUTLER, JR. and/or NJ TRANSIT CORP.**, both jointly and severally, together with interest and cost of suit.

### SECOND COUNT

1. The Plaintiff, **LORI TAMI**, repeats each and every allegation of the First Count herein, and makes the same a part hereof.

2. At all times relevant and material to this Complaint, the Defendant(s), **JAMES GRIFFIN**, operated the motor vehicle owned by the Defendant, **UNITED STATES AIR FORCE and/or UNITED STATES OF AMERICA**, with the permission and consent, express or implied, of said owner.

3. At all times relevant and material hereto, the Defendant, **JAMES GRIFFIN**, was an employee, agent and/or servant of the Defendant, **UNITED STATES AIR FORCE and/or UNITED STATES OF AMERICA**, acting within the scope of his/her employment and/or agency.

4. At the above time and place, the Defendant, **JAMES GRIFFIN**, failed to keep his/her vehicle under reasonable and proper control and so carelessly, recklessly and negligently operated his/her motor vehicle, among other things, failing to make proper observations, driving at an excessive rate of speed, and being otherwise inattentive, so as to cause his/her motor vehicle to violently collide with the Plaintiff's vehicle.

5. This accident resulted solely from the negligence and carelessness of the Defendant(s) herein and was due in no part on any act, or failure to act, on the part of the Plaintiff(s).

6. As a direct and proximate result of the foregoing, the decedent Plaintiff, **LORI TAMI**, was caused to sustain serious, painful and permanent injuries, has experienced great pain and suffering, has suffered great shock and mental anguish, will in the future experience great pain and suffering, was caused to incur great expenses for medical care and attention, will in the future incur additional expenses, was caused to lose large sums of money for wages she would have earned but for her injuries and will in the future lose large sums of money for wages, and has in the past, and will in the future, lose her right to the full enjoyment of life.

**WHEREFORE**, the Plaintiff, **LORI TAMI**, hereby demands judgment against the Defendants, **JAMES GRIFFIN, UNITED STATES AIR FORCE and/or UNITED STATES OF AMERICA**, for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey together with interest, costs of suit and attorneys fees.

DATED: August 28, 2017

Sander Budanitsky, Esq.
Attorney for the Plaintiff(s)

## JURY DEMAND

Plaintiff demands a trial by jury as to all Counts of the within Complaint.

DATED: August 28, 2017

Sander Budanitsky, Esq.
Attorney for the Plaintiff(s)

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject to any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

DATED: August 28, 2017

Sander Budanitsky, Esq.
Attorney for the Plaintiff(s)

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Sander Budanitsky, Esq., is hereby designated trial counsel.

DATED: August 28, 2017

Sander Budanitsky, Esq.
Attorney for Plaintiff