NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI TAMI,<br><br>    *Plaintiff*,<br><br>v.<br><br>WILLIAM E. BUTLER, JR., and<br>NJ TRANSIT CORP., and<br>UNITED STATES OF AMERICA,<br><br>    *Defendants*. | Civil No.: 17-cv-12254 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I.    Introduction

In this case removed from New Jersey state court, plaintiff Lori Tami sued defendants N.J. Transit Corp., William E. Butler, Jr., James Griffin, and the "United States Air Force and/or United States of America" for injuries she allegedly sustained in a motor vehicle accident while riding on an N.J. Transit bus. The United States has moved to dismiss Tami's claims against it for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted (D.E. 4). The motion is fully briefed, and the Court decides it without oral argument. *See* L. Civ. R. 78.1.

### II.    Background

Tami alleges that she was injured on November 16, 2014, while a passenger in an N.J. Transit-owned vehicle (which she describes in her briefing as a bus) driven by Butler. (D.E. 1-1, Am. Compl., First Count ¶¶ 1-6.) Tami appears to assert that the Butler-driven bus collided with a vehicle driven by Griffin, who was employed by "the United States Air Force and/or the

1

United States of America" and acting within the scope of that employment. (*Id.*, Second Count ¶¶ 1-6.) She further alleges that Butler and Griffin caused the collision by driving "carelessly, recklessly and negligently," and that she sustained injury as a result. (*Id.*, First Count ¶¶ 4, 6, Second Count ¶¶ 4, 6.)

Tami submitted an administrative claim for personal injury to the United States Air Force on approximately April 22, 2016. (D.E. 4-2, Coit Decl., Ex. A.)[1] It is undisputed that the Air Force denied the administrative claim by letter dated November 15, 2016. (Coit Decl., Ex. B.) The letter stated that it was "the final denial of the claim of Lori Tami," and that if dissatisfied with the decision, she "may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter." (*Id.*)

Five days before the Air Force mailed its denial letter, on November 10, 2016, Tami filed a personal injury action in the New Jersey Superior Court, Union County, naming Butler, N.J. Transit, Griffin, and the Air Force as defendants. (*See* D.E. 1-2, Notice of Removal, Ex. B.) On May 26, 2017, the state court dismissed Griffin and the Air Force and transferred the case to Essex County Superior Court. (*See id.*; *see also* D.E. 6, Pl.'s Opp., Ex. E.) The United States represents that the dismissal was for failure to prosecute. (D.E. 4-1, Moving Br. 2.) Butler and N.J. Transit answered the complaint on May 1, 2017. (D.E. 1-7, Notice of Removal, Ex. G.)

Tami does not assert that she, at any point, filed a lawsuit in "an appropriate United States District Court" as per the Air Force's November 15, 2016 letter. Instead, in August 2017, Tami moved to amend her state court complaint to add the United States as a defendant. (D.E. 1-2 & 1-4, Notice of Removal, Exs. B & D.) That motion was granted on August 18, 2017, and

---

[1] Tami asserts that she "initially" submitted a notice of claim to the Air Force on February 4, 2015, and "supplemented" it on April 22, 2016. (Opp. Br. 1.) The specific date of claim submission is not dispositive of the issues before the Court.

2

Tami filed her amended complaint in state court on August 30, 2017.  (D.E. 1-2 & 1-5, Notice of Removal, Exs. B & E.)

The apparent impetus for this amendment was a June 28, 2017 letter in which the United States Attorney's Office for the District of New Jersey informed Tami's counsel that the office represents the United States, federal agencies, and federal employees in civil actions in New Jersey, and that Griffin and the United States Air Force would not consent to vacating the dismissal of Tami's action against them because they were not properly subject to suit.  (Pl.'s Opp., Ex. E.)  The letter further asserted that the only proper party to a Federal Tort Claims Act ("FTCA") action is the United States, and that the FTCA confers exclusive jurisdiction over such claims upon the United States district courts.  (*Id.*)  The letter noted that Tami's "available recourse is to file a civil action against the United States in the United States District Court for the District of New Jersey."  (*Id.*)

As noted, Tami did not do so, and instead added the United States as a defendant in her state court action.  She served the amended complaint on the United States via an address in Washington, D.C., on September 28, 2017, and sought entry of default against the United States in November 2017.  (D.E. 1-2 & 1-6, Notice of Removal, Ex. B & F.)

The United States removed the state court action to this Court on November 30, 2017, invoking 28 U.S.C. § 1442(a)(1).  Tami consented to vacate the entry of default against the United States (D.E. 3), and the United States has moved to dismiss the action as against it for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief may be granted (D.E. 4).  The United States argues that the doctrine of derivative jurisdiction, which provides that the federal court in an action removed from state court acquires only the jurisdiction the state court had, requires dismissal because under 28 U.S.C. § 1346(b)(1), the

3

New Jersey Superior Court lacked subject matter jurisdiction. The United States also contends that Tami's claim against it is time-barred under 28 U.S.C. § 2401(b) because she had six months after the denial of her administrative claim (*i.e.*, six months from November 15, 2016) to file suit against the United States in a United States District Court, but she did not name the United States as a defendant until the amended complaint was filed on August 30, 2017, and she filed in the wrong forum.

Tami responds that the liability of both the state of New Jersey and the United States is at stake, and "judicial economy and risk of inconsistent results" necessitated litigation in one forum, and, in her view, the "more appropriate" one was a New Jersey state court. (Pl.'s Opp. 3.) She argues that the doctrine of derivative jurisdiction should not defeat her claim because courts are split as to whether it applies to cases removed under 28 U.S.C. § 1442. She also contends her claim is not time-barred because she "substantially complied" with 28 U.S.C. § 2401(b). (Pl.'s Opp. 5.) Finally, Tami argues that the United States waived or is equitably estopped from asserting a timeliness defense because the Air Force did not timely object to being named as a defendant.

### III. <u>Standard of Review</u>

The United States primarily argues that the complaint should be dismissed against it for lack of subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(1), "a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim." *Seiss v. United States*, 792 F. Supp. 2d 729, 730 (D.N.J. 2011) (Linares, J.). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face," or "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the claim is, on its face, insufficient to invoke the court's subject matter jurisdiction, while a factual challenge

attacks jurisdiction "based on facts apart from the pleadings." *Telchin v. Perel*, 2014 U.S. Dist. LEXIS 74576, at *4 (D.N.J. June 2, 2014) (Thompson, J.). In invoking the derivative jurisdiction doctrine, the United States has mounted a factual attack, arguing that Tami failed to comply with the requirements of the FTCA. The Court therefore may consider evidence outside the pleadings in ruling on this motion. *Id.* at *4-5.

To the extent the United States has alternatively moved to dismiss for failure to state a claim, Tami's complaint must, to withstand this argument, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A statute of limitations defense is only a proper basis for dismissal when the defense "is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

### IV. <u>Analysis</u>

The United States argues that Tami's decision to file her complaint in state court, combined with the FTCA's exclusive jurisdiction provision, 28 U.S.C. § 1346(b), deprives this court of subject matter jurisdiction under the derivative jurisdiction doctrine. That doctrine holds that a federal court's jurisdiction in removed cases is derivative of the state court's jurisdiction, and if the state court lacked subject matter jurisdiction, so too does the federal court. *See Conklin v. Kane*, 634 F. App'x 69, 73 (3d Cir. 2015) (doctrine "renders a district court powerless to act in a proceeding removed from state court if the state court itself lacked jurisdiction over that proceeding"). Tami maintains that courts are split on whether the doctrine extends to removals under 28 U.S.C. § 1442.

The doctrine, and its applicability, must be understood against the backdrop of the conditions under which the United States may be sued in the first place. The United States, as a

5

sovereign, is immune from suit unless it consents to suit. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA is a limited waiver of that immunity; that is, a limited consent to suit under specified conditions, and its requirements are strictly construed. *Id.*; *Telchin*, 2014 U.S. Dist. LEXIS 74576, at *5 ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). 28 U.S.C. § 1346(b), part of the FTCA, defines where the United States has consented to be sued for personal injury claims such as this one: exclusively in the district courts of the United States. Therefore, no state court, including the Superior Court of New Jersey, has jurisdiction to adjudicate Tami's claim against the United States, and the derivative jurisdiction doctrine requires dismissal if it applies under these particular circumstances.

Tami contends that courts are split on whether the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442, as this case was. Congress abrogated the doctrine's application to cases removed under the general removal statute, 28 U.S.C. § 1441, which now reads, in subsection (f):

> The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(f). But § 1442 reflects no corresponding change, and in this Circuit, the doctrine's continued applicability to cases removed under § 1442 has been repeatedly acknowledged. *Conklin*, 634 F. App'x at 73 (noting Congressional abrogation of doctrine for proceedings removed under § 1441, but not § 1442); *Calhoun v. Murray,* 507 F. App'x 251, 256 (3d Cir. 2012) (observing that doctrine "arguably still applies to removals" concerning federal officers); *see also Telchin*, 2014 U.S. Dist. LEXIS 74576, at *9; *Parisi v. United States*, 2013

6

U.S. Dist. LEXIS 33709, at *7-8 (D.N.J. Mar. 12, 2013) (Bumb, J.); *Trico Dev. Assocs., L.P. v. O.C.E.A.N., Inc.*, 2011 U.S. Dist. LEXIS 111477 (D.N.J. Sept. 29, 2011) (Cooper, J.) (all dismissing claims against United States on basis of derivative jurisdiction doctrine); *Jessup v. Cont'l Motors, Inc.*, 2013 U.S. Dist. LEXIS 9948, at *8-11 (E.D. Pa. Jan. 22, 2013) (dismissing Forest Service on basis of derivative jurisdiction doctrine).

In support of her position, Tami cites *Bermudez v. U.S. Dep't of Housing & Urban Development*, 84 F. Supp. 2d 1094 (C.D. Cal. 2000). The Court is unpersuaded. In *Bermudez*, a defendant's motion to dismiss on derivative jurisdiction grounds was denied because "Congress abolished the doctrine of 'derivative jurisdiction' by statute in 1986" and the doctrine was therefore "dead." *Id.* at 1095. *Bermudez* involved a § 1442 removal, but was decided under an earlier version of § 1441.[2] At that time, 28 U.S.C. § 1441(e) provided that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." *See Bermudez*, 84 F. Supp. 2d at 1095. In 2002, Congress amended § 1441(e), re-designating it subsection (f) and substituting "The court to which a civil action is removed **under this section**" in place of the language "The court to which such civil action is removed." Pub. L. No. 107-273, § 110-20, 116 Stat. 1758, 1827 (2002). In its current form, § 1441(f) clearly indicates that actions removed *under § 1441* are not subject to the derivative jurisdiction doctrine. As this action was removed under § 1442, not § 1441, the

---

[2] As was *North Dakota v. Fredericks*, 940 F.2d 333 (8th Cir. 1991), the only other case upon which Tami relies for this "split."

derivative jurisdiction doctrine applies, and warrants dismissal of the claim against the United States.[3]

The United States also argues that Tami's claim must be dismissed as time-barred under 28 U.S.C. § 2401(b) (which waives the United States' sovereign immunity to the limited extent that (1) a written administrative claim has been made to the appropriate federal agency within two years after the claim accrues, and (2) an action is filed within six months after the agency's mailing of a final denial of the claim) because she filed her complaint against the wrong federal defendants in state, not federal, court. *See Seiss*, 792 F. Supp. 2d at 731-32 (construing § 2401(b) and dismissing claim as untimely). Tami contends that the United States should be estopped from arguing that she named the wrong defendants. In view of the Court's dismissal on jurisdictional grounds, the Court need not resolve this dispute, a thorny one made more complex by, among other circumstances, the United States' failure to acknowledge 28 U.S.C. § 2679(d), which specifies procedures by which the United States is *deemed* a defendant and the case is to be removed to federal court. *See Santos v. United States*, 559 F.3d 189, 193-94 (3d Cir. 2009) (describing the Westfall Act, 28 U.S.C. § 2671 *et seq.*, as Congress' response to the potentially harsh result of preclusion if a plaintiff pursued her FTCA claim in the wrong forum); *see also id.* at 197 (equitable tolling may apply "'where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum'" (citation omitted)).

---

[3] Although some case law expresses a view that the doctrine targets a defect in removal jurisdiction (a procedural issue that can be waived), rather than an issue of subject matter jurisdiction (lack of which cannot be waived), *see Calhoun*, 507 F. App'x at 256; *Cofield v. United States Dep't of Justice*, 2018 U.S. Dist. LEXIS 85225 (D.N.J. May 22, 2018) (Bumb, J.), it does not appear the Third Circuit has precedentially adopted this approach. Moreover, Tami makes no argument that the United States waived the defect even if it is considered a procedural one. Accordingly, despite the persuasive force of an analysis that examines derivative jurisdiction as a doctrine that targets a waivable procedural defect, the Court declines to apply it under the circumstances.

## V. Conclusion

The claim against the United States will be dismissed. The claim against N.J. Transit and Butler does not provide an independent basis for subject matter jurisdiction and therefore, pursuant to 28 U.S.C. § 1367(c), this case will be remanded to the Superior Court of New Jersey, Essex County. An appropriate order will issue.

Date: March 31, 2019

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.